Filed 2/27/24  P. v. Johnson CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>KALEB TOMMY JOHNSON,<br><br>       Defendant and Appellant. | A166911<br><br>Solano County<br>Super. Ct. Nos. FCR360120,<br>FCR364306 |

**MEMORANDUM OPINION**[1]

Kaleb Tommy Johnson resolved two pending cases by pleading no contest to assault by means of force likely to produce great bodily injury in case No. FCR364306, and pleading no contest to possession of a firearm by a convicted felon as well as admitting a prior juvenile adjudication for possessing a firearm on school grounds in case No. FCR360120.  As part of the negotiated dispositions, Johnson agreed to serve a total of four years and eight months in prison:  an aggravated four-year term on the assault conviction and a consecutive eight-month term on the firearm possession conviction.  The disposition also called for dismissal of the balance of

_____

[1] We resolve this case by memorandum opinion and provide a limited factual summary.  (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

unresolved charges, dismissal of a third case (No. FCR362510), and a promise from the district attorney's office not to file a fourth pending "firearm case" documented in a police report. At the sentencing hearing, the trial court imposed the stipulated sentence.

Johnson appeals, contending his upper-term sentence on the assault conviction in case No. FCR364306 must be vacated and the matter remanded to the trial court for resentencing under Penal Code[2] section 1170, subdivision (b) as amended by Senate Bill No. 567 (2020–2021 Reg. Sess.), which prohibits the imposition of an upper-term sentence unless there are aggravating circumstances either stipulated to by the defendant or found true by a jury or judge beyond a reasonable doubt.[3] We requested and received supplemental briefing on whether Johnson's failure to obtain a certificate of probable cause in case No. FCR364306 forecloses appellate review of this claim. We conclude it does, and we dismiss the appeal.

We briefly explain the relevant factual background. On November 29, 2022, in case No. FCR364306, Johnson pleaded no contest to assault by means of force likely to produce great bodily injury. (§ 245, subd. (a)(4).) Johnson's written plea agreement provided for "[a] sentence to the high term of 4 years." At the plea hearing, both defense counsel and Johnson stated in open court that Johnson agreed to a stipulated sentence of "a high term of

---

[2] Undesignated statutory references are to the Penal Code.

[3] He also filed a notice of appeal challenging his conviction in case No. FCR360120, alleging his due process rights were violated because his plea was not free and voluntary. This issue was not raised in Johnson's briefing, however, so it is forfeited. (See *League to Save Lake Tahoe Mountain v. County of Placer* (2022) 75 Cal.App.5th 63, 105 ["arguments not raised in an opening brief are forfeited"]; *Upshaw v. Superior Court* (2018) 22 Cal.App.5th 489, 504, fn. 7 [" ' "Issues do not have a life of their own: if they are not raised . . . we consider the issues waived" ' "].)

four years." Finding a factual basis for his plea and that his plea was free and voluntary, the court accepted Johnson's no contest plea.[4] On December 27, 2022, the trial court sentenced Johnson to the upper term of four years in accordance with the stipulated plea. The court expressly stated that, because it was a stipulated sentence, it would not "go through the facts of the case" and that the sentence was "pursuant to the agreement of the parties and stipulation of the defendant."

The day after sentencing, Johnson filed two notices of appeal. In case No. FCR364306, the notice of appeal states the appeal is "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." He did not obtain a certificate of probable cause.[5]

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Section 1237.5 provides that no appeal may be taken from a no contest plea without a certificate of probable cause. (See *People v. Mendez* (1999) 19 Cal.4th 1084, 1095.) There are two exceptions to the rule—for appeals involving a denial of a motion to suppress evidence, or grounds arising after entry of the plea which do not affect the plea's validity. (*People v. Shelton*

---

[4] Johnson also executed a waiver of rights form in which he waived his right to appeal the conviction and expressly stipulated to the factual basis upon which the change of plea was based. After accepting the pleas, the court addressed Johnson directly to confirm, "sir, are you stipulating that the Court at the time of sentencing can sentence you to a high term of four years?" To which Johnson replied, "Yes, sir."

[5] In contrast, the amended notice of appeal Johnson filed in case No. FCR360120 specified "[o]ther basis for this appeal," and attached a certificate of probable cause.

(2006) 37 Cal.4th 759, 766 (*Shelton*); Cal. Rules of Court, rule 8.304(b)(2)(A)–(B).)

Johnson argues his appeal falls in the latter category. He asserts "a certificate of probable cause was not required . . . because he is not challenging the validity of his plea." Specifically, because "he is seeking the application of an ameliorative statutory provision," he reasons he is "not challeng[ing] his plea as defective when made."

This contention contravenes established case law. For example, in *People v. Panizzon* (1996) 13 Cal.4th 68, the defendant purported to not challenge the validity of his no contest plea; rather he sought to appeal the constitutionality of the sentence to which he agreed as part of a plea agreement. (*Id.* at p. 76.) The California Supreme Court explained that "the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." (*Ibid.*) The high court then distinguished cases in which the negotiated plea deal was separate and distinct from the sentencing. (*Id.* at p. 78.) In such cases, "any challenges to the sentencing did not implicate the validity of the pleas and therefore did not require compliance with section 1237.5." (*Ibid.*) In contrast, "by contesting the constitutionality of the very sentence he negotiated as part of the plea bargain, defendant [was], in substance, attacking the validity of the plea." (*Ibid.*) *Panizzon* held the defendant's claim was not reviewable because the defendant failed to obtain a certificate of probable cause. (*Ibid.*)

Johnson urges that *People v. Stamps* (2020) 9 Cal.5th 685 controls and saves his appeal. In *Stamps*, the California Supreme Court determined that a certificate of probable cause was not required because the defendant sought

application of a new ameliorative sentencing law enacted after his plea agreement but before his case became final.  (*Id.* at p. 692.)

Johnson misreads *Stamps*.  Indeed, *Stamps* explained *Panizzon* and its progeny do not address challenges to negotiated plea agreements based "on a subsequent change in the law."  (*People v. Stamps*, *supra*, 9 Cal.5th at p. 695.)  But the *Panizzon* line of cases continues to control challenges to negotiated plea bargains where there has been no change in the relevant laws since the agreement was formed and the sentence imposed.  (*Ibid.*)  That is the case here.  Johnson admits as much—conceding he is seeking the application of an ameliorative statutory provision "in effect at the time of sentencing."[6]  As *Stamps* expressly stated:  "[W]hen the parties reach an agreement *in the context of existing law*, a claim that seeks to avoid a term of the agreement, as made, is an attack on the plea itself."  (*Ibid.*, italics added.)

Here, Johnson challenges the trial court's authority to impose an upper-term sentence that was negotiated *as part of* the plea agreement seeking application of a law already in effect when he negotiated it.  He contends "the court's imposition of the aggravated term failed to comply with the requirements of section 1170, subdivision (b), as amended by Senate Bill No. 567."  By contesting "the very sentence he negotiated as part of the plea bargain," Johnson is therefore, "in substance, attacking the validity of the plea."  (*People v. Panizzon*, *supra*, 13 Cal.4th at p. 78; see also *Shelton*, *supra*, 37 Cal.4th at pp. 763–769 ["a challenge to the trial court's authority to impose the lid sentence is a challenge to the validity of the plea requiring a

_____

[6] Senate Bill No. 567 was passed in the 2020–2021 legislative session and made effective January 1, 2022; Johnson was charged with assault by means of force likely to produce great bodily injury in case No. 364306 in July 2022; Johnson negotiated his plea bargain and stipulated to a factual basis for his plea in November 2022; and he was subsequently sentenced in December 2022.

certificate of probable cause"].)  Accordingly, Johnson's failure to seek and obtain a certificate of probable cause forecloses the claim he seeks to raise before this court.

## DISPOSITION

The appeal is dismissed.

_____
SMILEY, J. *


We concur:


BROWN, P. J.


STREETER, J.


*People v. Johnson* (A166911)

* Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7